SUMMARY ORDER
We assume the parties’ familiarity with the underlying facts and procedural history of this case. The National Labor Relations Board (“NLRB” or “Board”) petitions this Court to enforce its January 18, 2007 order requiring Innovative Facility Services, LLC (“Innovative”) to bargain with Local 3, Retail, Wholesale and Department Store Union, UFCW (“the Union”). Innovative argues that the NLRB improperly certified the June 26, 2006 election of the Union as the representative for certain Innovative housekeeping em *416 ployees. Innovative points to the fact that during the election, the Union used a total of three observers when the parties had agreed to have only one observer each. Innovative also alleges that Union officials improperly accompanied the employees as they rode up the elevator to the polling location.
We grant the NLRB’s decision to certify a Union “considerable deference” and review only to determine “whether the Board reasonably exercised its discretion.” NLRB v. HeartShare Human Servs. of N.Y., Inc., 108 F.3d 467, 470 (2d Cir.1997); see also Rochester Joint Bd., Amalgamated Clothing & Textile Workers Union v. NLRB, 896 F.2d 24, 27 (2d Cir.1990). The party seeking to set aside the result of an election “has the heavy burden of establishing that the Board abused its discretion in certifying the election.” NLRB v. Springfield Hosp., 899 F.2d 1305, 1312 (2d Cir.1990) (internal quotation marks omitted); see also NLRB v. Arthur Sarnow Candy Co., 40 F.3d 552, 556 (2d Cir.1994); NLRB v. Black Bull Carting Inc., 29 F.3d 44, 46 (2d Cir.1994) (per curiam). In order to meet this burden, “the challenger must come forward with evidence of actual prejudice resulting from the challenged circumstances,” not simply evidence demonstrating “merely a possibility that the election was unfair.” Black Bull, 29 F.3d at 46 (internal quotation marks omitted); see also Arthur Sarnow, 40 F.3d at 558-59.
We review the Board’s factual findings under a “substantial evidence” standard, upholding the Board’s factual determinations “unless no rational trier of fact could have arrived at the Board’s conclusion.” NLRB v. Windsor Castle Health Care Facilities, Inc., 13 F.3d 619, 623 (2d Cir.1994); see also Arthur Sarnow, 40 F.3d at 556. We examine the Board’s legal conclusions to assess whether they “have a reasonable basis in law.” Windsor Castle, 13 F.3d at 623; see also Elec. Contractors, Inc. v. NLRB, 245 F.3d 109, 116 (2d Cir.2001).
Both of Innovative’s arguments fail. As to the Union’s three election observers, the Union does not appear to have violated the parties’ agreement, as only one Union observer was present at any given time. The lone authority upon which Innovative relies, Summa Corp. v. NLRB, 625 F.2d 293, 295 (9th Cir.1980), is distinguishable because in that case, the union used three observers at once (as opposed to the company’s two observers). Additionally, Innovative has presented no evidence that the Union’s three observers prejudiced Innovative. Therefore, Innovative has not carried its burden to show that the Board abused its discretion in certifying the election despite the Union’s use of three observers.
Innovative’s allegation that Union officials accompanied employees during the elevator ride to the polling location also does not justify its refusal to bargain. Innovative relies heavily on Milchem, Inc., 170 N.L.R.B. 362, 362 (1968), in which the NLRB found that a Union official’s “sustained conversation with prospective voters waiting to cast their ballots, regardless of the content of the remarks exchanged, constitutes conduct which, in itself, necessitates a second election.” However, this Court has observed that “ [subsequent cases involving the Milchem rule have abided by the Board’s instruction that the application of the rule be informed by a sense of realism,” and that the Board “has not allowed the so-called ‘per se’ Milchem rule to invalidate elections wholesale.” Amalgamated Serv. & Allied Indus. Joint Bd. v. NLRB, 815 F.2d 225, 228 (2d Cir.1987) (internal quotation marks omitted). We have opined further that “it would be inappropriate for this court to extend the *417 metes and bounds of Milchem to cover conversations outside the designated polling area.” Id. at 231 (internal quotation marks omitted).
The alleged Union conduct in this ease took place outside the polling area, which was a hearing room on the 36th floor of a building. There was no evidence that any Union representative proceeded past the elevator bank on that floor, which was located “a minimum of 70 to 75 feet down a hallway” from the polling location. There is also no evidence in the record of any contact between the Union officials and employees waiting in line, which was the conduct condemned in Milchem. Milchem, 170 N.L.R.B. at 363. See also Boston Insulated Wire & Cable Co., 259 N.L.R.B. 1118, 1119 (1982), enforced, 703 F.2d 876 (5th Cir.1983) (finding insufficient evidence of - impermissible electioneering when the challenged conduct occurred ten feet away from the polling place, the voters were separated from the conduct by glass doors, and the electioneering was not directed at voters in line). Neither does the record establish that Union officials engaged in coercive or threatening conversations with the employees during the alleged elevator rides. Finally, the Board had a “reasonable basis in law” to rely on precedent holding that transporting voters to the polls is permissible. See, e.g., Broward County Health Corp., 320 N.L.R.B. 212, 213 n. 8 (1995) (reaffirming the Board’s adherence to the principle that it is “not objectionable for a party to furnish transportation to bring voters to the polls, so long as the offer is available to all”).
“The Board has broad discretion to determine whether the circumstances of an election come sufficiently close to laboratory conditions so that employees can exercise free choice in deciding whether to select the Union as their representative.” Amalgamated Serv., 815 F.2d at 227. The Board did not abuse that discretion in this case.
For the foregoing reasons, the petition for enforcement is GRANTED.